IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–00837–MSK–KMT

ELARGO HOLDINGS, LLC, a Delaware limited liability company,

    Plaintiff,

v.

JOHN DOES 1-9,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's Motion for Leave to Take Limited Expedited Discovery of Information Prior to Rule 26(f) Conference. (Doc. No. 7.) Plaintiff alleges that the Doe Defendants, identified only by their use of Internet Protocol ("IP") addresses, have infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. (Doc. No. 1.)

In the motion, Plaintiff requests permission from the court to serve limited early discovery on the Internet Service Providers ("ISPs") of the services used by the Doe Defendants prior to the Rule 26(f) conference. Plaintiff attaches the Declaration of Daniel Macek in support of the motion. (Doc. No. 7-1.) The declaration is signed by an employee of the consulting company hired by Plaintiff to identify the IP addresses of the Doe Defendants. The Complaint also attaches a spreadsheet reflecting the IP address of each Defendant, along with the alleged date and time of infringement, the ISP, and the city or town of each Defendant. (Doc. No. 1-1.)

The purpose of the limited early discovery Plaintiff requests in the motion is to obtain additional information concerning the identities of the Doe Defendants so that they can be properly named.  Fed. R. Civ. P. 26(d) proscribes seeking discovery (except under Rule 34, which is not applicable here) before the Rule 26(f) conference.  However, this prohibition is not absolute.  The court may authorize discovery upon a showing of good cause.  *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).  "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief."  *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

After review of the motion, the court finds that Plaintiff has established good cause for limited early discovery.  Therefore, Plaintiff's motion is granted as follows:

The Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the identities of the subscribers of the services used by Doe Defendants as identified by the nine IP addresses listed in Document No. 1-1.  The subpoenas shall be limited to providing Plaintiff with the name, service address, billing address, telephone number, email address, and Media Access Control address of the subscriber to whom the ISP has assigned an IP address identified by the Plaintiff as used to infringe its copyrighted Work.  With each subpoena, Plaintiff shall also serve a copy of this Order.  The ISP shall notify the subscriber that his/her identity has been subpoenaed by the Plaintiff.  Finally, the court emphasizes that Plaintiff may only use the information disclosed in response to the

subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint. The court cautions Plaintiff that improper use of this information may result in sanctions.

Plaintiff's motion (Doc. No. 7) is **GRANTED in part** in accordance with this Order.

Dated this 20th day of April, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge